# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

HARRY KROUSKOUPF,

Petitioner, : Case No. 2:26-cv-563

- vs - District Judge Algenon L. Marbley
Magistrate Judge Michael R. Merz

WARDEN,
Noble Correctional Institution,

:

Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case under 28 U.S.C. §2254 was brought *pro se* by Petitioner Harry Krouskoupf to obtain relief from his conviction in the Muskingum County Court of Common Pleas of theft and robbery with a repeat violent offender specification and his consequent imprisonment in Respondent's custody (Petition, ECF No. 3, PageID 28). On order of Chief Magistrate Judge Stephanie Bowman, to whom this case was originally referred, Respondent has filed the State Court Record (ECF No. 6) and a Return of Writ (ECF No. 7).

Judge Bowman set a deadline for reply of twenty-one days after filing and service of the Return. That deadline is extended by three days because service was by mail. Fed.R.Civ.P. 6. That made the deadline for filing a reply/traverse October 9, 2026, but no reply has been received by the Court.

**Litigation History**

In January, 2018, the Muskingum County Grand Jury indicted Krouskoupf for theft, in violation of Ohio Revised Code § 2913.02(A)(1) and aggravated robbery, with firearm and repeat violent offender specifications, in violation of Ohio Revised Code § 2911.01(A)(1)(Indictment, State Court Record, ECF No. 6, Ex. 1). His initial plea of guilty pursuant to a plea agreement was reversed for failure of the trial court to advise him that prison time for violation of post release control was required to be served consecutively. On remand a new plea agreement was reached and Petitioner was sentenced to the term he is now serving. *Id.* at Ex. 26. The parties stipulated he was entitled to 564 days of jail time credit. *Id.* at PageID 174. Petitioner appealed, but the Ohio Fifth District Court of Appeals affirmed. *State v. Krouskoupf*, 2020-Ohio-1220 (Ohio App. 5th Dist. Mar. 20. 2020). Petitioner did not appeal further to the Ohio Supreme Court.

Krouskoupf several times unsuccessfully sought modification of his jail time credit. On July 21, 2022, he moved in the trial court for correction of an asserted sentencing error (Motion, State Court Record, ECF No. 6, Ex. 57). The trial court denied the motion, both originally and on reconsideration, the Fifth District affirmed, and the Ohio Supreme Cour declined further review. *Id.* at Exs. 62, 67, and 72. Petitioner's efforts to obtain relief on the jail time credit question through a post-conviction petition and motion to vacate were also unsuccessful; the Ohio Supreme Court declined jurisdiction October 1, 2024. *Id.* at Ex. 92. Numerous additional efforts in the Ohio courts ended unsuccessfully when the Ohio Supreme Court declined jurisdiction of Petitioner's most recent appeal to that Court. *Id.* at Exs. 143, 146.

Krouskoupf filed his Petition in this case on May 11, 2026, pleading the following two grounds for relief:

> **Ground One**: The Muskingum County Common Pleas Court violated the Petitioner's Due Process Rights and Equal Protection Rights under the 14th Amendment to the United States Constitution when it amended the Petitioner's sentence without the presence of the Petitioner; and such amendment of sentence changed the structure of Petitioner's sentence to a sentence that Petitioner did not plead guilty to.
>
> **Supporting Facts**: [omitted – see Petition].
>
> **Ground Two**: The Muskingum County Common Pleas Court and the Ohio Department of Rehabilitation and Corrections denied the Petitioner his 5th Amendment Rights under the United States Constitutional Rights.
>
> **Supporting facts:** The Muskingum County Common Pleas Court and the Ohio Department of Corrections has ordered that the Petitioner be denied days of jail credit for time already served on his sentence, forcing the Petitioner to be punished for the same crime twice; in violation of Petitioner's double-jeopardy protections under the 5th Amendment to the U.S. Constitution.

Petition, ECF No. 3, PageID 34-37.

## Analysis

In the Return, Respondent raises four separate defenses. Because the statute of limitations defense is clearest, this Report analyzes that defense and omits consideration of the others in the interest of judicial economy.

Prior to 1996, there was no statute of limitations for habeas corpus cases. However, on April 24, 1996, Congress enacted and President Clinton signed the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") which enacted a one year statute of limitations. As codified at 28 U.S.C. § 2244(d), the statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Under § 2244(d)(1)(a), the applicable sub-section in this case, the time for filing runs from the date when the conviction becomes final on the date of decision by the state supreme court on direct review or the date when time to appeal to that court expires. In this case Petitioner took no direct appeal to the Ohio Supreme Court, so the statute began to run on the last day on which he

could have appealed, May 5, 2020. Under 28 U.S.C. § 2244(d)(2), the statutory time is tolled (stayed) during the pendency of any properly filed collateral attack on the judgment. Respondent concedes the statute was tolled during the pendency of several of Petitioner's post-trial motions, but the tolling ceased and the statute expired May 18, 2021 (Return, ECF No. 7, PageID 1488). Calculated on a different and more generous method of crediting the post-trial collateral attacks, the statute would have expired May 5, 2022. *Id.* As Respondent notes, collateral attacks made after the statute expires do not restart the statute.

When asked to explain why his Petition was timely if filed more than a year after the conviction became final, all Petitioner did was to copy 28 U.S.C. § 2244 into his Petition (See PageID 40). He certifies he placed the Petition in the prison filing system on May 11, 2026; this counts as his date of filing. *Houston v. Lack*, 487 U.S. 266 (1988). This is more than four years after the statute of limitations expired. Accordingly, Respondent's statute of limitations defense is well taken and the Petition should be dismissed on that basis.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition be dismissed with prejudice as time-barred. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

October 21, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #